## DREYFUS v. CITY OF SOCORRO.

### SYLLABUS BY THE COURT

1.   Chapter 47, Laws 1919, which limits and restricts the application of the revenue derived by municipalities from public utilities, and authorizes the appointment of a receiver for

such public utility upon the failure of the municipal authorities to comply with the statute, does not impair the obligation of a contract, contrary to the provisions of section 10, art. 1, of the Constitution of the United States, and section 19, art. 2, of the state.                                                P. 134

2.    Said act does not deprive a municipality of its property without due process of law, because:    (1)    Full judicial hearing is accorded; and (2) the property is not taken from the city, but is preserved and protected for the benefit of the city and its inhabitants.                                        P. 135

3.    The act in question is simply an enlargement of the equity power of the court, and, although the act is silent as to the termination of the proceedings and the restoration of the public utility to the control and management of municipal authorities, yet such power exists in the court by virtue of its equity jurisdiction.                                          P. 136

On Motion for Rehearing.

4.    In action by resident taxpayer against a city for appointment of receiver to operate its waterworks, brought under Laws 1919, c. 47, a ground of a demurrer to complaint, in that the act empowers the court to take control from city council, though it might be ready and willing to comply with the law by making changes in operation, and that, as the statute allows no time for compliance, there was a denial of due process of law, was without merit.                            P. 138

5.    In an action by a resident taxpayer against a city for appointment of a receiver to operate its waterworks, brought under Laws 1919, c. 47, for its failure to make due application of revenue therefrom, the argument that the suit was filed within less than 30 days after the act went into effect, and that no opportunity was given to comply with its provisions, could only be raised in the lower court by answer, and could not be raised on appeal by the city.                     P. 138

Appeal from District Court, Socorro County; Ed. Mechem, Judge.

Suit by Henry Dreyfus, a resident taxpayer, against the City of Socorro for appointment of a receiver to operate the city's waterworks. Demurrer to complaint overruled, and receiver appointed, and from the overruling of the demurrer, defendant appeals. Affirmed.

NEILL B. FIELD, of Albuquerque, and M. C. SPICER, of Socorro, for appellant.

The grant of the State of New Mexico to the City of Socorro of the power to erect waterworks or authorize the erection of the same by others, when accepted by the city, became a contract, the obligation of which was impaired by Chapter 47, Laws 1919, contrary to the provisions of Section 10 of Article 1 of the Constitution of the United States and of Section 19 of Article 2 of the Constitution of the State of New Mexico.

Darmouth College v. Woodward, 4 Wheat. 518; City of New Orleans v. New Orleans Waterworks, 142 U. S. 79; City of Walla Walla v. Walla Water Co., 172 U. S. 1; City of Covington v. Kentucky, 173 U. S. 231; Worchester v. Worchester Consol. Street Co., 196 U. S. 539; Broughton v. Pensacola, 93 U. S. 255; Tippecanoe County v. Lucas, 93 U. S. 115; Graham v. Folsom, 200 U. S. 245, 247; New Orleans Waterworks Co. v. Rivers, 115 U. S. 674; Louisville Gas Co. v. Citizens Gas Co., 115 U. S. 683; Shapleigh v. City of San Angelo, 167 U. S. 646; Vicksburg v. Vicksburg Waterworks, 206 U. S. 496; Mount Hope Cemetery v. Bost, 35 Am. St. Rep. 515; State v. Baker, 19 N. W. 16, 93 Am. St. Rep. 230; People v. Common Council, 28 Mich. 228; City of Lexington v. Thompson, 68 S. W. 477, 101 Am. St. Rep. 361; Detroit v. Detroit Plank Road, 5 N. W. 275 (Mich.); Helena Consol. Water Co. v. Steele, 49 Pac. 382 (Mont.); Grogan v. City of San Francisco, 18 Cal. 590; Ellerman v. McMains, 31 Am. Rep. 218 (La.); 12 C. J. 1006 (626) d 1004, note 53; 28 Cyc. 284, note 17; 1 Dillon Munic. Corp. § 111.

A city engaged in operating a muncipal water plant, under the authority granted by the general law, acts in a proprietary or business capacity and in that respect stands upon the same footing as private individuals or business corporations.

Illinois Trust & Savings Bank v. Arkansas City, 76 Fed. 271, 282; Omaha Water Co. v. Omaha, 147 Fed. 1; Worchester v. Street Ry. Co., 196 U. S. 539; Pikes Peak Power Co. v. Colorado Springs, 105 Fed. 10; Tutle Bros.

v. Cedar Rapids, 176 Fed. 86; Board of Com. v. Lucas, 93 U. S. 108; Walla Walla v. Walla Water Co., 172 U. S. 1, 8, 9; Hunter v. Pittsburg, 207 U. S. 180; Vilas v. Manila, 220 U. S. 354, 357, 55 L. Ed. 495; Proprietors of Mt. Hope Cemetery v. Boston, 35 Am. St. Rep. 515; People v. Hurlbut, 24 Mich. 44, 9 Am. Rep. 202; Park Commr's of Detroit v. Common Council, 28 Mich. 228, 15 Am. Rep. 202; McQuillin Mun. Corporations No. 1901; Dillon Mun. Corporations No. 1303 (5th Ed.)

Chapter 47, Laws 1919, is in conflict with Section 1 of the 14th amendment to the Constitution of the United States and of Section 18 of Article 2 of the Constitution of the State of New Mexico in that said act deprives the City of Socorro of its property without due process of law.

Assignments of Error 3, 6, 7.

Darmouth College v. Woodward (Opinion of Story), 4 Wheat. 694, 695; Ocho v. Hernandez, 230 U. S. 139, 161; Hunter v. City of Pittsburg, 207 U. S. 161; Holden v. Hardy, 169 U. S. 366, 18 Sup. Ct. 383; Chicago, etc. Ry. Co. v. City of Chicago, 166 U. S. 266; (17 Sup. Ct. 581); New Orleans v. New Orleans Waterworks, 142 U. S. 79; Ex Parte Virginia, 100 U. S. 347; Town of Southington v. Southington Water Co., 69 Atl. 1023, 1027 (Conn.); State v. Barker, 89 N. W. 204, 93 Am. St. Rep. 222 (Ia.); Proprietors of Mt. Hope Cemetery v. Boston, 35 Am. St. Rep. 515, 33 N. E. 695; Benson v. New York, 10 Barb. 223; East Hartford v. Hartford Bridge Co., 17 Conn. 79; Grogan v. San Francisco, 18 Cal. 590; Helena Consolidated Waterworks v. Steele, 49 Pac. 382 (Mont.); Town of Milwaukee v. City of Milwaukee, 12 Wis. 93, 100.

Chapter 47, Laws 1919, is in conflict with Section 1 of Article 3 of the Constitution of the State of New Mexico in that said act confers upon the district courts the exercise of powers properly belonging to the legislative department.

Assignments of Error 8.

Kilbourn v. Thompson, 103 U. S. 168, 190; Muskrat v. United States, 219 U. S. 346, 53 L. Ed. 246; 12 Cyc. 802-804 (234-236); 12 C.·J. 873 (376) note 1; Seward v. D. & R. G. Ry. Co., 17 N. M. 551, 572; State v. Johnson, 60 Pac. 1068 (Kan.); Steenersen v. Great Northern Ry. Co., 72 N. W. 713 (Minn.); State v. Sioux City Ry. Co., 65 N. W. 766 (Neb.); Nebraska Tel. Co. v. State, 76 N. W. 171 (Neb.); Regan v. Trust Co., 154 U. S. 362, 14 Sup. Ct. 1054; Article 6, State Constitution; Kelly v. Marron, 21 N. M. 239, 244; In re Dexter Drainage Dist., 21 N. M. 286, 295; State v. Barker, 93 Am. St. Rep. 231-235, 89 N. W. 204 (Ia.); Phoenix Water Co. v. City of Phoenix, 84 Pac. 1095 (Ariz.); State v. Washburn, 67 S. W. 592, 90 Am. St. Rep. 430; Tyson v. Washington County, 110 N. W. 634 (Neb.); Houseman v. Kent, 25 N. W. 369 (Mich); State v. Simons, 21 N. W. 760 (Minn.); In re Village of North Milwaukee, 67 N. W. 1033; Glaspall v. City of Jamestown, 88 N. W. 1023 (N. D.); Beasly v. Ridout, 52 Atl. 61 (Md.); In re County Commr's, 98 Pac. 557 (Okla.); Smith v. Strouther, 8 Pac. 852 (Cal.); Stevans v. Truman, 59 Pac. 397 (Cal.); State v. Rogers, 73 N. E. 461 (Ohio); State v. Town of Dover, 53 Atl. 214 (N. J.); City of Boston v. City of Chilsea, 98 N. E. 620 (Mass.); Board of Commr's v. Dodd, 54 Atl. 963 (Md.); Bradly v. City of New Haven, 48 Atl. 960 (Conn.); Silvan v. Board of Commr's, 92 Pac. 604 (Kan.).

FRED NICHOLAS, of Magdalena, for appellee.

Chapter 47, Laws 1919, of the State of New Mexico, does not impair the obligation of contract within the meaning of the inhibitions of either the State or National Constitution.

Walla Walla v. Walla Walla Water Co., 172 U. S. 11; City of New Orleans v. New Orleans Waterworks, 142 U. S. 79; Am. Digest, Cent. Ed., "Constitutional Law" § 325 (c) and § 338 (a); McQuillen Mun. Corp.

§ 225; David v. Portland Water Committee, 14 Ore. 98; Best v. Baumgardner, 1 L. R. A. 356 and note; Terrett v. Taylor, 9 Cranch 43, 3 L. Ed. 650; Philadelphia v. Fox, 64 Pa. 169; 12 Corpus Juris, 1050 § 685; Oshkosh Waterworks Co. v. Oshkosh, 187 U. S. 437, 47 L. Ed. 249.

The legislature may alter, modify, or even take away a remedy, or give a remedy not already existing although the new remedy may be less convenient, or more tardy or difficult, or may change the remedy from equity to law, or vice versa.

Best v. Baumgardner, 1 L. R. A. 356 and note; Terrett v. Taylor, 9 Cranch 43, 3 L. Ed. 650; Philadelphia v. Fox, 64 Pa. 169; 12 Corpus Juris, 1050 § 685.

Chapter 47, Laws 1919, does not deprive the City of Socorro of its property without due process of law within the meaning of the inhibition, in the state or National Constitutions.

. Coyle v. McIntire, 7 Houston (Del.) 44; 12 Corpus Juris 1010; McQuillen Mun. Corp., § 225; David v. Portland Water Committee, 14 Ore. 98; Best v. Baumgardner, 1 L. R. A. 356 and note; Terrett v. Taylor, 9 Cranch 43, 3 L. Ed. 650; Philadelphia v. Fox, 64 Pa. 169; 12 Corpus Juris 1050 § 685 Oshkosh Waterworks Co. v. Oshkosh, 187 U. S. 437; 47 L. Ed. 249.

Statutes may be enacted for the appointment of receivers in a direct action for that purpose.

Supreme Sitting of the Order of Iron Hall v. Baker, 20 L. R. A. 210 and note.

Chapter 47, Laws 1919, in no way attempts to confer any legislative powers on the district court. Assignment VIII.

23 Am. and Eng. Enc. of Law 1002; Zanesville v. Zanesville T. & T. Co., 52 L. R. A. 150.

. OPINION OF THE COURT.

ROBERTS, J. This action was instituted in the court below by appellee, a resident taxpayer of the city of Socorro,. against said city for the appointment of a receiver to take charge of, manage, and operate the waterworks owned by the said city. The suit was based on chapter 47, Laws 1919. The first section of said act provides that the revenue derived from the operation of a public utility owned by a municipality, for the purchase or construction of which the municipality shall . have issued bonds, shall be applied: (a) To the maintenance of said public utility in good repair, to the improvement and extension thereof and the payment of legitimate expenses of operation; (b) to the payment of the interest on the bonds so issued for the purchase or construction of said public utility; (c) to the creation of a sinking fund provided by the terms of the bonds or the law governing their issue. Section 2 of the act made it the duty of every municipality to maintain such public utility in good repair, and to improve and enlarge the same so as to accomplish the object and purpose for which it was designed. Section 3 made it the duty of the municipality to charge and collect such rates for service as to furnish sufficient funds to meet the requirements of the act. Section 4 reads as follows:

"Upon the failure of any such municipality to comply with any of the provisions of this act, the district court may at the suit of any resident taxpayer of such municipality, appoint a receiver for such public utility, to operate the same under the court's directions to accomplish the objects and purposes of this act."

The complaint filed by appellee, it is conceded, set up sufficient facts to justify the appointment of a receiver if the act of the Legislature under consideration is constitutional. The appellant demurred to the complaint, attacking the constitutionality of the act on various grounds. The demurrer was overruled, and, appellant electing to stand on the demurrer, judgment was entered, appointing a receiver to take charge of and operate the waterworks, and it is to review the action of the court in overruling the demurrer that this appeal is prosecuted.

[1]   The first point made by appellant is that the grant by the state of New Mexico to the city of Socorro of the power to erect waterworks, or to authorize the erection of the same by others, when accepted by the city, became a contract, the obligation of which was impaired by chapter 47, Laws 1919, contrary to the provisions of section 10 of article 1 of the Constitution of the United States, and section 19 of article 2 of the Constitution of the state.

Under this it is argued that the statute in question impairs the obligation of a contract; that in the erection and maintenance of a municipal water supply the city is acting in its proprietary or business capacity, and the authority given to the city by the Legislature to erect and maintain a municipal water supply for the benefit of the city and its inhabitants is in effect a contract between the city and the state, which is protected from impairment by both the Constitution of the United States and of the state.   It is very doubtful indeed whether there is any merit in the contention that the city stands in any contract relations with the state, but if it be assumed for the sake of argument that such was true, there would nevertheless be no merit in the further contention, which must necessarily be made, that the obligation of the contract is impaired.   The statute in question is designed to preserve municipal water plants and other municipally owned public utilities from being despoiled by incompetent or corrupt city officials.   Certainly the Legislature had the power to pass a law requiring municipalities to keep in repair water systems constructed for the benefit of the inhabitants of the city, to require the charging of such rates as would enable the municipality to keep such plant in repair, and to meet the interest and principal on the bonds issued for the construction of such a system.   This power the Legislature would have because the doing of these acts would necessarily belong to the governmental power of the city.   Where the city authorities fail to discharge this duty laid upon the city by the Legislature, which all must concede was beneficial to the taxpayers of the city and to the city

itself, the appointment of a receiver upon its failure would not result in the impairment of the obligation of the contract any more than a statute which would authorize the appointment of a receiver for the property of a private corporation, or of an individual. The power of the Legisture to extend the jurisdiction of the courts to appoint receivers over the property of individuals and corporations had never been questioned so far as we are aware. And the chancery jurisdiction of courts to appoint receivers has been very much enlarged both in the United States and England. See Clark on the Law of Receivers, § 978 et seq., where statutes of the various states of the Union are referred to, and the English Judicature Act of 1873 (St. 36 & 37 Vict. c. 66), which very materially enlarge the power of the courts of England to appoint receivers.

[2] It is next argued that the act in question deprives the city of Socorro of its property without due process of law. But this contention is disposed of upon two considerations: First, a full judicial hearing is accorded the city; and, second, the property is not taken from the city, but is rather preserved and protected for the benefit of the city and its inhabitants. The appellant labors under a mistaken view that, when once the property is taken into the possession of the court under the act in question, it is to be forever operated by the receiver appointed by the court. It is true the act contains no provision relative to the termination of the receivership. But it would necessarily follow, as in other cases where a receiver has been appointed, that upon the fulfillment of the object of the receivership the receiver will be discharged and the property turned over to the parties entitled thereto. Here, upon a satisfactory showing to the court by the municipal authorities that they were prepared to and would discharge the obligation imposed by the statute, the property would, of course, be turned back into the control of the city authorities.

Appellant claims that the case of State v. Barker, 116 Iowa, 96, 89 N. W. 204, 57 L. R. A. 244, 93 Am. St. Rep.

222, affords strong support for their contention in this case. But the cases are entirely different. There the act of the Legislature took from the municipality the management of its waterworks· system, and conferred the same upon three trustees to be appointed by the judge of the district court. There, there was an arbitrary taking of the property, not by judicial proceeding, but by act of the Legislature, which placed it in the hands of trustees appointed by the judge of the district court, which was an altogether nonjudicial function. The court there held that the act' was a taking of the property of the city without due process of law, and, further, that the act was void, in that it conferred upon the judge of the district court nonjudicial powers. Under the statute here involved, the appointment of the receiver is dependent upon the judicial determination of the question as to the failure of the city of discharge the obligation laid upon it by the Legislature in regard to the management of the water plant and the disposition of the revenues derived therefrom. There . is no denial of due process of law under the statute.

[3] What has been said disposes of the third contention, which is that the act authorizes a complete and permanent transfer of the waterworks and the control thereof from the owners to the district court. This, as shown, is a false assumption. . The court, as in any other receivership through its receiver,· will retain possession and control of the property until the city is able to assume control and operate the same according to law.

Appellant assumes that : (1) The act is a special proceeding, and, being such, the court has only the jurisdiction and power conferred thereunder; (2) that the act, being silent as to the termination of the receivership proceeding and the restoration of the property to the city, the court is without power to discharge the receiver and restore the property to the city.

The error of appellant's position is in the assumption

that the proceeding in question is a special statutory proceeding. The statute simply enlarges the equity jurisdiction of the court. The district courts in this state possess both legal and equitable jurisdiction. Courts of chancery in England and in this country have always had power in certain cases to appoint receivers to take charge of property. It is true that prior to the enactment of this statute a court of equity in this state would not have had power to appoint a receiver upon the facts stated in the complaint now before the court, but the power of a court of equity to appoint receivers has been greatly enlarged by statute, both in the states of this country and in England. The Code of Civil Procedure of the state of New York, as stated, materially increased the power of courts of equity in that state to appoint receivers, and the same is generally true of the Codes of the other states. The statute here under consideration is of the same class, and simply empowers the district courts of this state to appoint receivers for the public utilities specified. The receiver once appointed is controlled, is required to account, and is subject to removal and discharge as any other receiver appointed by a court of chancery. In High on Receivers, § 23, the author says:

"In many of the states of this country the jurisdiction of the courts over the subject of receivers has been, to a considerable degree, fixed or controlled by legislation, enlarging or abridging the jurisdiction as exercised by courts of equity independent of statute. This is especially true of those states which have adopted Codes similar to that of New York."

As to the discharge of a receiver, the same author, at section 820, says:

"The power of a court of equity to remove or discharge a receiver whom it has appointed may be regarded as well settled, and it may be exercised at any stage of the litigation. Indeed, it would seem to be a necessary adjunct of the power of appointment, and to be exercised as an incident to or consequence of that power; the authority to call such officer into being necessarily implying the authority to terminate his functions when their exercise is no longer necessary, or to remove the incumbent for an abuse of those functions, or for other cause shown."

This construction of the statute disposes of appellant's fourth contention, which is that the act confers legislative power upon the courts. This argument is advanced upon the assumption that no power exists in the court to discharge a receiver, and that, having assumed control of the public untility by its receiver, it must go on forever managing and operating the water plant and fixing rates, and the rate fixing, it is argued, is a legislative function. Having held that the receiver may be discharged at any time when his services are no longer required, and the municipality satisfies the court that it is able and will discharge the duties cast upon it by the statute, the court here acts simply in the same capacity in which it would act in any other receivership.

The foregoing disposes of all the questions properly raised, and, finding no error in the record, the judgment will be affirmed; and it is so ordered.

PARKER, C. J., and HOLLOMAN, District Judge, concur.

On Motion for Rehearing.

ROBERTS, J.   [**4, 5**]   Appellant has filed a motion for rehearing in which he says the court failed to pass upon the question raised by paragraph E of the third ground of the demurrer to the complaint, as follows:

"It affirmatively appears that the legislative act in question attempts to clothe the court with power to take from the city council of the city of Socorro control of the water supply to the inhabitants of the city notwithstanding the city council may be ready and willing to comply with the legislative fiat of the act, and no time is allowed by the terms of the act within which the defendant may comply with its provisions before the jurisdiction of the court attaches, whereby this procedure lacks the essential quality of due process of law, in that it fails to afford to the city council an opportunity to make such changes in its method of handling the waterworks as may be necessary to meet the requirements of the legislative act."

The act in question imposes upon the city council certain duties in connection with the operation of a municipally owned water plant. It is the duty of the council

at all times to comply with the act, and the act itself gives notice and affords the opportunity for compliance. In other words, it says to the city council:

"In managing the municipal water plant, you must do certain things, i. e., keep it in repair and improve and enlarge the same when necessary, charge and collect such rates as will enable the city to accomplish these things and to pay the interest on the bonds where such have been issued, and to create a sinking fund for the ultimate retirement of the bonds."

If the city council is proceeding in good faith to comply with the statute, of course the court would not appoint a receiver.

It is argued by appellant that this suit was filed within less than 30 days after the act in question went into effect, and that the city council had no opportunity to comply with its provisions. This question it is apparent could only be raised in the lower court by answer, and no answer was filed.

We do not think that the paragraph of the demurrer now urged upon our attention set up sufficient grounds to show that the complaint failed to state a cause of action, and therefore the court properly overruled the same.

In the brief in support of the motion for rehearing, counsel for appellant quotes the following excerpt from the original opinion:

"The complaint filed by appellee, it is conceded, set up sufficient facts to justify the appointment of a receiver if the act of the Legislature under consideration is constitutional."

—and says:

"It is respectfully submitted that appellant has made no such concession and that this statement in the opinion is in direct conflict with our whole contention."

It is apparent that the brief on the motion for rehearing was prepared by counsel not present at the oral

argument in this court, for here such concession was made by Mr. Spicer in the argument of the case. He did insist that the proceeding could not be maintained because the default upon which it was based occurred before the passage of the law, but admitted that the question could only be raised properly by answer.

We are satisfied with the former opinion, and the motion for rehearing will therefore be denied; and it is so ordered.

HOLLOMAN, District Judge, concurs.

PARKER, C. J., absent.

---

(No. 2337.    April 19, 1920.)

(On Motion for Rehearing, May 12, 1920.)