[No. 3463.   Aug. 21, 1929.]

STATE ex rel. CITY OF ROSWELL v. STATE TAX COMMISSION et al.

[280 Pac. 258.]

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for appellants.

Howard Buchly and Fort & McGhee, all of Roswell, for appellee.

## OPINION OF THE COURT

SIMMS, J. This is a proceeding in mandamus, wherein the city of Roswell seeks to compel the Tax Commission to approve a tax levy by that city in a sufficient rate to produce $7,500 for interest on water bonds, which item is included in its 1929 budget submitted to the commission. That body refused to approve the levy, and from a judgment in favor of the city of Roswell the Tax Commission appeals.

By stipulation of the parties, the question before us is considerably restricted. It is agreed that the sum of $7,-500 is the proper sum for bond interest; that the levy proposed by the city is the correct and proper rate to raise that sum; and that, unless raised by the proposed tax levy, the city will not be able to pay the interest on the bonds when due. The Tax Commission defends on the ground that by chapter 47 of the Laws of 1919, as amended by chapter 51 of the Laws of 1925, it is the duty of the city of Roswell to raise the funds for this bond interest out of the proceeds of operation of the water plant, and that resort should not be had to a tax levy. It does not question that mandamus is the proper remedy.

1. Article 9, § 12, of our Constitution provides:

"Sec. 12. No city, town or village shall contract any debt except by an ordinance, which shall be irrepealable until the indebtedness therein provided for shall have been fully paid or discharged, and which shall specify the purposes to which the funds to be raised shall be applied, and which shall provide for the levy of a tax, not exceeding twelve mills on the dollar upon all taxable property within such city, town or village, sufficient to pay the interest on, and to extinguish the principal of, such debt within fifty years. The proceeds of such tax shall be applied only to the payment of such interest and principal. No such debt shall be created un-

less the question of incurring the same shall, at a regular election for councilman, alderman or other officers of such city, town or village, have been submitted to a vote of such qualified electors thereof as have paid a property tax therein during the preceding year, and a majority of those voting on the question, by ballot deposited in a separate ballot box, shall have voted in favor of creating such debt."

Pursuant to the said constitutional provision, in the year 1926 a bond issue of $150,000 for waterworks purposes was voted by the taxpayers of Roswell, and Ordinance 447, as amended by Ordinance 450 of that city, authorized the issuance and sale of the bonds and levied a tax in such an amount or rate, upon all taxable property in that municipality, as would produce the interest and the sinking fund of said bonds over a period of 30 years. It is the exercise of this taxing power by the city in its proposed levies for 1929 that the Tax Commission has refused to approve.

By chapter 47 of the Laws of 1919, the Legislature of this state undertook to provide by statute for the proper management of public utilities which are owned and operated by municipalities. Not only does this act provide that the funds derived from operation shall be used for certain specific purposes connected with such utilities, and among them for the payment of bond interest and principal, but it also provides that any resident taxpayer may, by action in the district court, seek, and under proper circumstances obtain, the appointment of a receiver for such utility, notwithstanding its municipal ownership. In the event of such receivership, the court's officer may run and manage the business upon such basis as to correct whatever evils may have previously existed with reference to it, and if, as and when a normal condition is restored, the court will return the plant to the city's hands and control. Dreyfus v. Socorro, 26 N. M. 127, 189 P. 878.

We see nothing in the foregoing statute which in any way conflicts with the provisions of the article of the Constitution above quoted. On the contrary, section 5 of chapter 47, Laws of 1919, supra, reads as follows:

"Sec. 5. The appointment of a receiver as herein provided shall not release the municipality from its obligations to levy and collect the taxes provided by the terms of said bonds or the law governing their issue."

Thus it is apparent that the legislative intent was to afford resident taxpayers and others interested a judicial remedy for what might otherwise become an intolerable and oppressive political condition with reference to service by a municipally owned public utility. So careful were the lawmakers to eliminate any question of running counter to the constitutional requirement that they included in the act a declaration to that effect. The thing which is pledged to secure the payment of both principal and interest of the bonds as they mature is the taxing power of the municipality and its good faith and credit. The revenues from the waterworks may be and are required by the statute to be placed in a fund and used to relieve the burden of taxation where possible. But so long as there is any deficiency of funds to meet any interest or principal payment, as we find the case to be in the matter before us, both the Constitution and the statute above quoted require that the tax be levied.

Finding no error in the judgment of the lower court, we conclude that it should be affirmed, and the cause remanded; and it is so ordered.

WATSON and CATRON, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.